# EXHIBIT M

FILED: ERIE COUNTY CLERK 09/15/2023 03:58 PM                INDEX NO. 803880/2023
NYSCEF DOC. NO. 15                                           RECEIVED NYSCEF: 09/15/2023

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

---

NATHANIEL OYOYO, JR.,                                **SUMMONS**

        Plaintiff,

v.                                                   Index No.: 803880/2023

COUNTY OF ERIE, DANIEL PIWOWARCZYK,
and John Does 1-17,

        Defendants.

---

**YOU ARE HEREBY SUMMONED** to Answer the Complaint in this action and to serve a copy of your Answer on the Plaintiff's attorneys, Tiveron Law, PLLC, within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, Judgment will be taken against you by Default for the relief demanded in the Complaint.

Dated: September 15, 2023
      Amherst, New York

                                          **TIVERON LAW, PLLC**

                                          */s/ Alexandria Awad*
                                          Alexandria Awad, Esq.
                                          *Attorneys for Plaintiff*
                                          2410 North Forest Road, Suite 301
                                          Amherst, New York 14068
                                          Telephone: (716) 636-7600
                                          aawad@tiveronlaw.com

{H3850986.1}                                                                                           1

**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
1 of 15

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

---

NATHANIEL OYOYO JR.,

        Plaintiff,

v.

COUNTY OF ERIE, DANIEL PIWOWARCZYK,
and John Does 1-17,

        Defendants.

**COMPLAINT**

Index No.: 803880/2023

---

    Plaintiff, **NATHANIEL OYOYO, JR.**, by and through his attorneys, TIVERON LAW, PLLC, as and for his Complaint, alleges as follows upon information and belief:

    1.    At all relevant times stated herein, Plaintiff **NATHANIEL OYOYO, JR.**, was and is a citizen of the United States of America. At the time of the subject incident, Plaintiff was a resident of Niagara County, State of New York and was in the custody of the Erie County Correctional Facility located in Alden, Erie County, New York. Plaintiff is currently incarcerated at Greene Correctional Facility in Greene County, State of New York.

    2.    At all relevant times stated herein, Defendant **COUNTY OF ERIE** was and still is a municipal corporation organized and existing by virtue of the laws of the State of New York.

    3.    At all relevant times stated herein, Defendant **COUNTY OF ERIE** operated, maintained, managed, supervised and controlled a Sheriff's Department as part of and in conjunction with its municipal functions.

    4.    At all relevant times stated herein, Defendant **COUNTY OF ERIE** supervised officers, constables, deputies and/or other law enforcement personnel employees (hereinafter collectively, "law enforcement personnel") of the **COUNTY OF ERIE** Sheriff's Department.

{H3850986.1}                                                                                              2

**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
2 of 15

5. At all relevant times stated herein, **COUNTY OF ERIE**'s Sheriff's Department operated, maintained, managed, supervised, and controlled the Erie County Correctional Facility.

6.

6. At all relevant times stated herein, Defendant **DANIEL PIWOWARCZYK** was and still is a resident of the State of New York, County of Erie.

7. At all relevant times stated herein, Defendant **DANIEL PIWOWARCZYK** was a corrections officer employed by the Sheriff's Department of Defendant **COUNTY OF ERIE**.

8. At all relevant times stated herein, **John Does Nos. 1-17** were natural persons residing in the County of Erie, State of New York.

9. At all relevant times stated herein, **John Does Nos. 1-17** were corrections officers, deputies, officers and/or employees of the Sheriff's Department of the Defendant **COUNTY OF ERIE**.

10. That at all relevant times stated herein, Defendants **DANIEL PIWOWARCZYK** and **John Does Nos. 1-17** were supervised by employees, deputies and agents of the Sheriff's Department of Defendant **COUNTY OF ERIE**.

11. At all relevant times stated herein, **COUNTY OF ERIE** is vicariously liable for the negligence, carelessness, and reckless actions of its law enforcement personnel.

12. At all relevant times stated herein, **COUNTY OF ERIE** is vicariously liable for the negligence, carelessness, and reckless actions of the employees and agents at the Erie County Correctional Facility.

13. That on or about February 24, 2022, and as captured on **COUNTY OF ERIE** law enforcement body worn camera footage, while Plaintiff was in the custody of the Defendant **COUNTY OF ERIE** Sheriff's Department at the Erie County Correctional Facility, Defendant

{H3850986.1}                                                                 3

**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
3 of 15

**COUNTY OF ERIE**'s law enforcement personnel, including **DANIEL PIWOWARCZYK** and **John Does Nos. 1-17**, used unreasonable and excessive force in having multiple law enforcement personnel pin Plaintiff, who was handcuffed, to the ground and in having law enforcement personnel kick Plaintiff in the face, head and upper body while Plaintiff was handcuffed and being restrained on the ground by approximately 3 other **COUNTY OF ERIE** law enforcement personnel.

14.  That the aforementioned acts occurred in the presence of at least 5 additional **COUNTY OF ERIE** law enforcement personnel, including **DANIEL PIWOWARCZYK** and **John Does 1-17**, none of whom did anything to prevent the excessive force, nor did they report the incident.

15.  That **COUNTY OF ERIE**'s Sheriff's Department conducted an investigation and authored an "Employee Misconduct Report of Investigation" regarding the subject incident and characterized the incident as "the use-of-force-incident".

16.  That the Employee Misconduct Report of Investigation reports that the body worn camera footage shows that while Plaintiff was handcuffed on the floor, Corrections Officer **DANIEL PIWOWARCZYK**'s "right foot appears to come into contact with [Plaintiff's] head."

17.  That the Employee Misconduct Report of Investigation further reports that the body worn camera footage "appears to demonstrate that Piwowarcyzk's foot contacts Oyoyo's head."

18.  That the Employee Misconduct Report of Investigation contains a Memorandum of Officer Piwowarcyzk, in which Officer Piwowarcyzk attests he "did rapidly swing my right foot, inner left side, forward in a side sweeping motion towards inmate Oyoyo's right shoulder

{H3850986.1}                                                                    4

**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
4 of 15

which was located on the floor. I did strike inmate Oyoyo's right top of the shoulder area with my foot."

19. That the Employee Misconduct Report of Investigation lists seventeen (17) other **COUNTY OF ERIE** employees who were involved in the subject incident.

20. That **COUNTY OF ERIE** law enforcement personnel kicking Plaintiff in the face, head and body while Plaintiff was handcuffed and being held down on the ground by several other law enforcement personnel is objectively unreasonable and excessive in the circumstances presented, as Plaintiff was unarmed, handcuffed, not actively resisting and/or was effectively resisting, and did not present a danger to **COUNTY OF ERIE**'s law enforcement personnel.

21. That each of the acts alleged herein of Defendant **COUNTY OF ERIE**'s law enforcement personnel, including **DANIEL PIWOWARCZYK** and **John Does 1-17**, were done in the course of their employment by the Sheriff's Department of Defendant **COUNTY OF ERIE** and under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, County of Erie and under their authority as officers.

22. That each of the acts alleged herein of Defendant **COUNTY OF ERIE**'s law enforcement personnel, including **DANIEL PIWOWARCZYK** and **John Does 1-17**, constituted state action.

23. That each of the acts alleged herein of Defendant **COUNTY OF ERIE**'s law enforcement personnel, including **DANIEL PIWOWARCZYK** and **John Does 1-17**, was excessive as defined by the **COUNTY OF ERIE**'s Erie County Sheriff's Office Policy and Procedure Jail Management Division Inmates Use of Force Policy #04-09-00, which defines "Excessive force" as "using more force than is necessary to subdue a subject. Possible indicators

{H3850986.1}

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

5

5 of 15

of excessive use of force: force is used when none is needed; force used is greater than necessary; any force or a level of force continuing after the necessity for it has ended; force is used as punishment"

24. That each of the acts alleged herein of Defendant **COUNTY OF ERIE**'s law enforcement personnel were in violation of **COUNTY OF ERIE**'s regulations and orders, including but not limited to Administration General Order A-42, which states:

- Use of Force: Force is authorized to be used when reasonably believed to be necessary to effect a lawful arrest or detention, prevent the escape of a person from custody, or in defense of one's self or another.

- Prohibited Use of Forces: Force shall not be used by an officer against persons who are handcuffed or restrained unless it is used to prevent injury, escape, or otherwise overcome active or passive resistance posed by the subject.

- Duty to Intervene: Any officer present and observing another officer using force that he/she reasonably believes to be clearly beyond that which is objectively reasonable under the circumstances shall intercede to prevent the use of unreasonable force, if and when the officer has a realistic opportunity to prevent harm. An officer who observes another officer use force that exceeds the degree of force as described in subdivision A of this section should promptly report these observations to a supervisor.

- Reporting and Reviewing the Use of Force: Members involved in use of force incidents shall notify their supervisor as soon as practicable and shall complete a departmental Use of Force report.

- Additional Procedures: Responsibilities of Deputies Using Physical Force: Use of physical force shall be consistent with the training and policies of the Erie County Sheriff's Office.

25. That each of the acts alleged herein of Defendant **COUNTY OF ERIE**'s law enforcement personnel were in violation of **COUNTY OF ERIE**'s various Erie County Sheriff's Office Policy and Procedure, including but not limited to Erie County Sheriff's Office Policy and Procedure Jail Management Division, which state:

- **Personnel Code of Conduct, Policy #03-00-01**: Violation of Rules: Personnel shall not commit any acts or omit any acts that constitute a violation of any of the

rules, regulations, directives, Polices and Procedures, or orders of the Office, whether stated in this manual or elsewhere.

- **Inmates Use of Force, Policy #04-09-00:** "In determining to use force, the law enforcement officer shall be guided by the principle that the degree of force employed in any situation should be only that reasonably necessary. Law enforcement officers should exhaust all of the reasonable means before resorting to use force. It is the policy of the Erie County Sheriff's Office that law enforcement officers will use only that force which is objectively reasonable and necessary. This policy reinforces the responsibility of law enforcement officers to take those steps possible to prevent or stop the illegal or inappropriate use of force by other officers. Every law enforcement officer is expected and required to take appropriate action in any situation where that officer is clearly convinced that another officer is using force in violation of state law. This policy sends a clear message to law enforcement officers that they share an obligation beyond the requirements of the law."

26. That Defendant **COUNTY OF ERIE** is vicariously liable for the acts of its law enforcement personnel.

27. That as a result of the subject use of unreasonable and excessive force, Plaintiff sustained multiple injuries, including but not limited to, physical injuries to his face, neck, upper body, and back, and mental and emotional injuries.

28. That before commencement of this action, on or about March 23, 2023, Plaintiff filed a Petition for Permission to Serve a Late Notice of Claim on Defendant **COUNTY OF ERIE** with the Erie County Clerk's Office using the NYSCEF system.

29. That a special term hearing was held before the Hon. Amy C. Martoche, J.S.C. on July 11, 2023 and an Order was entered on July 14, 2023 granting Plaintiff permission to file a late Notice of Claim on **COUNTY OF ERIE**.

30. That the statute of limitations afforded by General Municipal Law § 50-i(1), which requires tort actions against municipal defendants to be commenced within one year and ninety days after the happening of the event upon which the claim is based, was tolled 113 days pursuant to CPLR § 204 during the pendency from when Plaintiff's Petition to Serve a Late

{H3850986.1}                                                                                              7

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
7 of 15

Notice of Claim was filed on March 23, 2023 through July 14, 2023 when an Order granting said relief was entered.

31. That on July 21, 2023, Plaintiff served the Notice of Claim upon Defendant **COUNTY OF ERIE**. A copy of the Notice of Claim is attached hereto as **Exhibit "A"**.

32. More than thirty (30) days have elapsed from the date the Notice of Claim was presented to the Defendant **COUNTY OF ERIE**, and said Defendant has neglected and refused to make payment or adjustment thereof.

33. This is an action to redress the deprivation by the Defendant of the rights secured to Plaintiff by the US Constitution, New York State Constitution, and federal and state statutes.

## FIRST CAUSE OF ACTION:

### VIOLATION OF CIVIL RIGHTS and 42 U.S.C. § 1983 THROUGH USE OF EXCESSIVE FORCE

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "33" inclusive with the same force and effect as if set forth at length herein.

35. That the aforesaid use of excessive force by Defendant **COUNTY OF ERIE** law enforcement personnel, including **DANIEL PIWOWARCZYK** and **John Does 1-17**, against Plaintiff when he was in custody of Defendant **COUNTY OF ERIE** was in direct violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution, as applied to the States by the Fourteenth Amendment of the United States Constitution to be secure against unreasonable seizure of their persons.

36. That Defendants' actions against Plaintiff, including repeatedly kicking Plaintiff in the face, head and body while handcuffed and being pinned down to the ground by multiple law enforcement personnel, were excessive and unreasonable in light of the circumstances.

{H3850986.1}                                                                    8

**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
8 of 15

37. That Defendant **COUNTY OF ERIE**'s law enforcement personnel, including including **DANIEL PIWOWARCZYK** and **John Does 1-17**, have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe or have knowledge that another member of the Sheriff's Department or other law enforcement agency violated a civilian's constitutional rights.

38. That Defendant **COUNTY OF ERIE**'s law enforcement personnel each had the duty and opportunity to protect Plaintiff from the unlawful actions of fellow **COUNTY OF ERIE** law enforcement personnel, including **DANIEL PIWOWARCZYK** and **John Does 1-**17, but failed to do so thereby proximately causing Plaintiff's injuries.

39. That the Defendants subjected Plaintiff to unreasonable and excessive, force without provocation, privilege, consent, excuse and/or justification.

40. That the injuries and damages sustained by the Plaintiff herein were caused solely and wholly through the acts of the Defendants **COUNTY OF ERIE**, **DANIEL PIWOWARCZYK** and **John Does 1-17** herein, without any negligence on the part of the Plaintiff contributing thereto.

41. That by reason of the aforesaid actions, Plaintiff was caused to be deprived of his rights, liberties and privileges under the Fourth and Fourteenth Amendments to the United States Constitution.

42. That Plaintiff is entitled to compensatory, exemplary and punitive damages pursuant to 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION:

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs

"1" through "42" inclusive with the same force and effect as if set forth at length herein.

44. The aforesaid actions by Defendants **COUNTY OF ERIE, DANIEL PIWOWARCZYK** and **John Does 1-17** were careless and negligent as to the emotional health of Plaintiff.

45. That the aforesaid conduct was a breach of the Defendants' duties owed directly to Plaintiff while he was in custody of the **COUNTY OF ERIE**, including the duty to keep him safe and free from arbitrary punishment and use of excessive force while in **COUNTY OF ERIE**'s custody, and said breach unreasonably endangered Plaintiff's physical safety and caused him fear for his own safety.

46. That by reasons of the aforesaid excessive force, Plaintiff was caused to suffer personal injuries, violation of civil rights, negligent infliction of emotional distress, anguish, anxiety, fear, humiliation, emotional and psychological injuries.

47. That the injuries and damages sustained by the Plaintiff herein were caused solely and wholly through the acts of the Defendants, **COUNTY OF ERIE** and its law enforcement personnel, including **DANIEL PIWOWARCZYK** and **John Does 1-17**, without any negligence on the part of the Plaintiff contributing thereto.

48. That by reason of the aforesaid, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of the lower courts.

### THIRD CAUSE OF ACTION:

### NEGLIGENT HIRING, RETENTION, AND TRAINING

49. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "48" inclusive with the same force and effect as if set forth at length herein.

{H3850986.1}

10

Tiveron Law, PLLC
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
10 of 15

50. That at all relevant times stated herein, Defendant **COUNTY OF ERIE** had the duty to screen and investigate the backgrounds of the law enforcement personnel it hires.

51. That at all relevant times stated herein, Defendant **COUNTY OF ERIE** had a duty to sufficiently and adequately hire, train and retain personnel so as to sufficiently disciple, supervise and put into effect appropriate rules relating to the duties, behavior and activities of its law enforcement personnel.

52. That at all relevant times stated herein, Defendant **COUNTY OF ERIE** had a to duty discharge law enforcement personnel who were not fit, suitable, properly trained, constituted a potential menace, hazard or danger to the public, those with vicious propensities and those with emotional, physical, psychological, racist, biased or physiological traits or characteristics unsuitable, unstable or contraindicated for such employment.

53. That the heretofore described actions of Defendant **COUNTY OF ERIE**, through its agents, servants and employees, including its law enforcement personnel, constitute negligence in that Defendant **COUNTY OF ERIE** negligently trained or failed to train its law enforcement personnel.

54. That the heretofore described actions of Defendant **COUNTY OF ERIE**, through its agents, servants and employees, including its law enforcement personnel constitute negligence in that Defendant **COUNTY OF ERIE** negligently supervised or failed to supervise its agents, servants and/or employees, including its law enforcement personnel.

55. That the heretofore described actions of Defendant **COUNTY OF ERIE**, through its agents, servants and employees, including its law enforcement personnel, constitute negligence in that Defendant **COUNTY OF ERIE** negligently disciplined or failed to discipline its agents, servants and/or employees, including its law enforcement personnel.

56. That Defendant **COUNTY OF ERIE** was negligent in its hiring of its agents, servants and/or employees, including its law enforcement personnel, including **DANIEL PIWOWARCZYK** and **John Does 1-17**, who Defendant **COUNTY OF ERIE** knew, or in the course of adequate and proper investigation, should have reasonably known, were unfit to hold their respective law enforcement positions.

57. That Defendant **COUNTY OF ERIE** was negligent in its retention of its agents, servants and/or employees, including law enforcement personnel, including **DANIEL PIWOWARCZYK** and **John Does 1-17**, in that Defendant **COUNTY OF ERIE** knew, or in the course of adequate and proper investigation, should have reasonably known, that they were unfit to hold their respective positions in that they each refused or failed to perform within the statutory and constitutional limits of their authority and misused and abused their power, and violated internal policy and protocol.

58. That Defendant **COUNTY OF ERIE** was negligent in its retention of its agents, servants and/or employees, including law enforcement personnel, including **DANIEL PIWOWARCZYK** and **John Does 1-17**, in that Defendant **COUNTY OF ERIE** knew, or in the exercise of reasonable care should have known that certain law enforcement personnel did not possess the temperament and psychological makeup to effect proper and safe processing of persons in custody without the use of excessive force and arbitrary punishment and to otherwise properly carry out their duties as responsible and law abiding deputies.

59. That by reason of the aforesaid actions, Plaintiff was caused to suffer personal injuries, violation of civil rights, negligent infliction of emotional distress, anguish, anxiety, fear, humiliation, emotional and psychological injuries.

{H3850986.1}                                                                    12

**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
12 of 15

60. That Plaintiff has been damaged in a sum exceeding the jurisdictional limits of the lower courts.

## FOURTH CAUSE OF ACTION:

### NEGLIGENCE

61. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "60" inclusive with the same force and effect as if set forth at length herein.

62. The **COUNTY OF ERIE** is liable for common law negligence by its agents, including its law enforcements personnel, including **DANIEL PIWOWARCZYK** and **John Does 1-17**, at the Erie County Correctional Facility.

63. The **COUNTY OF ERIE** is vicariously liable for the employees of the Erie County Correctional Facility, including its law enforcement personnel, including **DANIEL PIWOWARCZYK** and **John Does 1-17**, under the theory of respondeat superior under state law.

64. That **COUNTY OF ERIE** had a duty to keep Plaintiff safe and free from arbitrary punishment and use of excessive force while in **COUNTY OF ERIE**'s custody, and failed to do so.

65. That **COUNTY OF ERIE** law enforcement personnel, including **DANIEL PIWOWARCZYK** and **John Does 1-17**, had a duty to abide by applicable federal, state, and local laws, orders, and regulations, as well as internal policy and procedures in administering reasonable use of force in light of the circumstances and failed to do so.

66. That by reasons of the aforesaid unreasonable and excessive force, Plaintiff was caused to suffer personal injuries, violation of civil rights, negligent infliction of emotional distress, anguish, anxiety, fear, humiliation, emotional and psychological injuries.

{H3850986.1}                                                                                    13

**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
13 of 15

67. That the injuries and damages sustained by the Plaintiff herein were caused solely and wholly through the acts of the Defendant **COUNTY OF ERIE** and its law enforcement personnel, including **DANIEL PIWOWARCZYK** and **John Does 1-17**, without any negligence on the part of the Plaintiff contributing thereto.

68. That by reason of the aforesaid, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of the lower courts.

### FIFTH CAUSE OF ACTION:

### ATTORNEY FEES AND COSTS UNDER 42 U.S.C. § 1988

69. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "68" inclusive with the same force and effect as if set forth at length herein.

70. The aforesaid actions by Defendants **COUNTY OF ERIE**, **DANIEL PIWOWARCZYK** and **John Does 1-17** constitute violations of Plaintiff's statutory and constitutional rights thereby entitling him to attorneys' fees, costs and disbursements as permitted by 28 U.S.C. § 1988.

71. That this action falls within one or more of the exceptions to the limitation of joint and several liability included in Article 16 of the CPLR.

**WHEREFORE**, Plaintiff demands judgment against the Defendants on each cause of action in an amount which exceeds the jurisdictional limits of all other courts which might otherwise have jurisdiction, together with attorneys' fees, costs and disbursements of this action, and for such other and further relief as the Court deems just and proper.

Dated: September 15, 2023
       Amherst, New York

                                               **TIVERON LAW, PLLC**

                                               *Alexandria Awad* (signature)

{H3850986.1}                                      14
**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
14 of 15

Alexandria Awad, Esq.
*Attorneys for Plaintiff*
2410 North Forest Road, Suite 301
Amherst, New York 14068
Telephone: (716) 636-7600
aawad@tiveronlaw.com

{H3850986.1}  15

**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com
15 of 15